**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __  1/17/2014
```

Johkie LEE, on behalf of himself, FLSA Collective
Plaintiffs and the Class,

                                                **Plaintiff,**

                    **-against-**

**GRAND SICHUAN EASTERN (NY) Inc., et al.,**

                                     **Defendants.**

------------------------------------------------------------------X

**12-CV-08652 (SN)**

<u>**OPINION & ORDER**</u>

**SARAH NETBURN, United States Magistrate Judge:**

      After satisfying the safe harbor notice period, and coincident with the filing of his

opposition brief to the defendants' motion for summary judgment, Lee filed a motion for

sanctions against the defendants and the defendants' counsel, jointly and severally, pursuant to

Rule 11 of the Federal Rules of Civil Procedure, for what he alleges to be their "frivolous filing

of [the] motion for summary judgment." (Rule 11 Mot. at 1.) The defendants opposed the motion

and seek expenses and attorneys' fees incurred in their defense of the motion. (Song Decl. ¶ 2.)

**I.  Law Governing Sanctions Motions**

      Under Rule 11, "[s]anctions may be—but need not be—imposed when court filings are

used for an 'improper purpose,' or when claims are not supported by existing law, lack

evidentiary support, or are otherwise frivolous." <u>Ipcon Collections LLC v. Costco Wholesale</u>

<u>Corp.</u>, 698 F.3d 58, 63 (2d Cir. 2012) (citing Fed. R. Civ. Proc. 11(b)-(c)). The Supreme Court

has cautioned that Rule 11 "must be read in light of concerns that it will . . . chill vigorous

advocacy." <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 393 (1990). Thus, courts must

"resolve all doubts in favor of" the party against whom sanctions are sought. <u>Rodick v. City of</u>

Schenectady, 1 F.3d 1341, 1350 (2d Cir. 1993). "Sanctions should be imposed only 'where it is patently clear that a claim has absolutely no chance of success.'" Abdelhamid v. Altria Grp., Inc., 515 F. Supp. 2d 384, 392 (S.D.N.Y. 2007) (quoting Caisse Nationale de Credit Agricole-CNCA v. Valcorp, Inc., 28 F.3d 259, 264 (2d Cir. 1994)) (internal quotation marks omitted). The general standard for finding a violation of Rule 11 is one of objective unreasonableness; courts need not make a finding of subjective bad faith. See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 579 F.3d 143, 150-51 (2d Cir. 2009); In re Pennie & Edmonds LLP, 323 F.3d 86, 90 (2d Cir. 2003). District courts have "'significant discretion in determining what sanctions, if any, should be imposed for a violation, subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition by the offending person or comparable conduct by similarly situated persons.'" Id. (quoting Rule 11 Advisory Committee Note).

Rule 11 further provides that, "[i]f warranted, [a] court may award to the prevailing party [on the Rule 11 motion] the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). That is, a Rule 11 motion that itself does not comply with Rule 11 can warrant sanctions against the moving party. See Safe-Strap Co., Inc. v. Koala Corp., 270 F. Supp. 2d 407, 421 (S.D.N.Y. 2003) (citing Rule 11 Advisory Committee Note). "Thus, where a party's motion for Rule 11 sanctions is not well grounded in fact or law, or is filed for an improper purpose, a court my find itself in the position of imposing Rule 11 sanctions on the moving party and/or her attorney." Id.; see Indus. Tech. Ventures LP v. Pleasant T. Rowland Revocable Trust, 08 Civ. 6227 (CJS)(MWP), 2012 WL 777313, at *7 (W.D.N.Y. Mar. 8, 2012) (awarding costs and attorneys' fees against the party filing a Rule 11 motion where the Rule 11 motion was "utterly without support"). It is improper for a party to file a Rule 11 motion for the purpose of emphasizing the merits of the party's position. On Time Aviation, Inc. v. Bombardier

2

Capital Inc., 570 F. Supp. 2d 328, 331 (D. Conn. 2008) aff'd, 354 F. App'x 448 (2d Cir. 2009) (citing Rule 11 Advisory Committee Note). A non-moving party seeking costs and attorneys' fees rarely needs to file a cross-motion under Rule 11. Carlton Grp., Ltd. v. Tobin, 02 Civ.5065 (SAS), 2003 WL 21782650, at *7 (S.D.N.Y. July 31, 2003) (citing Rule 11 Advisory Committee Note).

## II.   Whether Sanctions Are Appropriate

### A.   Lee's Rule 11 Motion

Lee argues that the Court should award sanctions against the defendants because, had they conducted a reasonable inquiry into the facts before filing their summary judgment motion, "they would have determined that such motion for summary judgment would surely be denied." (Rule 11 Mot. at 5.) To support this argument, Lee extensively paraphrases the magistrate judge who conducted the parties' settlement conference and who, according to Lee, strongly suggested that defendants' motion would be denied.

As discussed in a separately filed order, Wang is entitled to summary judgment and Lee narrowly survived summary judgment as to American Hoist. American Hoist's evidence consisted of declarations, time sheets signed by Lee indicating that there was no FLSA violation, and facially adequate employment records. Lee's evidence consisted of three sentences from his declaration that the Court found to just meet the minimum requirements for a declaration to raise a triable issue of fact. The defendants' motion for summary judgment, which was partially successful, plainly was neither frivolous nor filed for an improper purpose. Lee's Rule 11 motion is denied.

**B.      Costs and Attorneys' Fees for the Prevailing Party**

Pursuant to Rule 11(c)(2), the defendants seek costs and attorneys' fees incurred in defending against Lee's Rule 11 motion. The court may grant such an award if it finds that Lee's motion is objectively unreasonable or filed for an improper purpose. See Safe-Strap Co., Inc, 270 F. Supp. 2d at 421.

Lee's Rule 11 motion, filed on the same days as his summary judgment opposition, relies on two categories of evidence. Both are improper. In the first category, Lee submits that the issues in this action are triable issues of fact and not appropriate for summary judgment. To support this, Lee cites to his summary judgment opposition and states that its "arguments are fully incorporated herein." (Rule 11 Mot. at 6.) Similarly, in his opposition, Lee attempts to incorporate the arguments made in his Rule 11 motion. (Opp'n at 1.) In fact, Lee's opposition refers to his Rule 11 motion multiple times, including in the final sentence, in which Lee requests that the Court "grant Plaintiff's motion for sanctions." (Id. at 13; see also id. at 1, 2, 12.)

As to the second category of evidence, in his Rule 11 motion and his opposition, Lee quotes or paraphrases extensively from the Honorable Frank Maas, the United States magistrate judge who conducted the parties' October 2, 2013 settlement conference. In both his Rule 11 motion and summary judgment opposition, Lee repeatedly cites comments Judge Maas allegedly said during a settlement conference that was off-the-record and plainly intended to be confidential.

Lee's arguments based on the first category of evidence simply repeat the arguments from his opposition as to why the defendants' motion for summary judgment should be denied; indeed, both filings purport to incorporate the other. In On Time Aviation, Inc. v. Bombardier

Capital, Inc., the Court of Appeals for the Second Circuit affirmed the district court where it

found that,

> [t]o submit full briefing in opposition to a summary judgment motion and then
> submit the same grounds as supporting a separate Rule 11 motion is patently
> unreasonable: one opposition is both sufficient and all a party is entitled to. . . .
> [A] firmly held conviction of the correctness of one's position does not authorize
> collateral attack on an opponent's legal arguments by resort to Rule 11. To hold
> otherwise would be to condone wasteful motion practice as well as invite
> responsive cross-motions for sanctions.

On Time Aviation, Inc., 570 F. Supp. 2d at 332; 354 F. App'x 448, 451 (2d Cir. 2009) (affirming

the district court's award of sanctions "[b]ecause the record reasonably supports the district

court's finding that the attorney's own motion for sanctions against defendant's counsel was

unsupported by the record and objectively unreasonable"). The district court, after stating that "a

court may infer improper purpose where multiplicative filings are coupled with 'objectively

unreasonable statements,'" found that the moving party's "bases for sanctions centered on

objectively unreasonable statements which lacked factual support and were duplicative of [its]

substantive opposition to summary judgment." On Time Aviation, Inc., 570 F. Supp. 2d at 332,

335 (quoting Storey v. Cello Holdings, LLC, 347 F.3d 370, 393 (2d Cir. 2003)). Reaching the

opposite conclusion on a similar analysis, the district court in Gluck Corp. v. Rothenhaus found

that, while movant's "Rule 11 motion teeters as close as it can approach" to "being sanctionable

itself," sanctions were not warranted where the court was "not persuaded that there is sufficient

ground to find that the Rule 11 Motion was necessarily brought to bolster a motion to dismiss

because the instant motion can be resolved without reaching the merits of the case." 252 F.R.D.

175, 183 (S.D.N.Y. 2008).

　　　　Lee's Rule 11 motion is entirely duplicative of his summary judgment opposition and

plainly violates the Rule 11 Advisory Committee Note, which provides: "Nor should Rule 11

motions be prepared to emphasize the merits of a party's position." See Kara Holding Corp. v. Getty Petroleum Mktg., Inc., 99 Civ. 0275 (RWS), 2004 WL 1811427, at *22 (S.D.N.Y. Aug. 12, 2004) (disregarding arguments in a Rule 11 motion that pertained to the merits of a summary judgment motion). That Lee improperly filed his Rule 11 motion to bolster his summary judgment opposition is clear from each filing's repeated references to the other. This is particularly obvious where the relief Lee seeks in the conclusion of his opposition includes the request that his Rule 11 motion be granted and that the Court not only deny the summary judgment motion, but sanction the defendants for even filing it. Lee's Rule 11 motion is wholly grounded in the merits of the defendants' summary judgment motion and offers no evidence or argument as to the "collateral issue [of] whether the attorney has abused the judicial process," which is the foundational concern of Rule 11. Cooter, 496 U.S. at 396.

As to Lee's second category of evidence, on which his Rule 11 motion most heavily relies, he refers repeatedly to the alleged statements made by Judge Maas during the settlement conference. Lee's representations in his Rule 11 motion and his summary judgment opposition that cite Judge Maas are objectively unreasonable and entirely improper. See Calka v. Kucker Kraus & Bruh, 167 F.3d 144, 146 (2d Cir. 1999) (discussing the need to maintain confidentiality of settlement discussions in court settlement conferences because the disclosure of such communications "would have a chilling effect" on the parties; and finding that disclosure was "highly improper and will not be condoned.") (citation omitted); see also Bernard v. Galen Group, Inc., 901 F. Supp. 778, 782-84 (S.D.N.Y. 1995) (sanctioning plaintiff's attorney for disclosing terms of two settlement offers, including specific dollar amounts, made by defendants during mediation sessions); E-Z Bowz, L.L.C. v. Professional Prod. Res. Co., Inc., 00 Civ. 8670 (LTS)(GWG), 2003 WL 22416174, at *3 (S.D.N.Y. Oct. 23, 2003) (admonishing attorney for

disclosing in summary judgment submissions confidential settlement communications from

court-sponsored settlement conference).

Most egregiously, Lee, providing no basis or supporting declaration, claims that Judge

Maas "addressed all of the issues contemplated in the motion for summary judgment . . . in open

court" and that "the Court" concluded that the defendants' motion would "'surely fail.'" First,

Lee erroneously asserts that "the Court" reached an absolute conclusion as to the merits of the

defendants' motion, even before Lee submitted any evidence in opposition. "The Court" did no

such thing; and it is highly improbable that Judge Maas did so in the manner Lee represents.

Second, Lee erroneously claims that Judge Maas's statements were made "in open court." As

would be clear to any attorneys in attendance and as Judge Maas states explicitly in his

individual settlement procedures, to which the parties were directed by order on August 29,

2013, "All settlement conferences are 'off-the-record' and all communications to the magistrate

judge relating to settlement are confidential."[1] (Procedures Applicable to Cases Referred for

Settlement to Magistrate Judge Frank Maas, ¶ 1.) Finally, Lee inappropriately purports to quote

directly from Judge Maas, taking his words out of the context of an off-the-record settlement

conference and misleadingly applying them as evidence of a summary judgment motion's lack of

merit.

As Judge Maas explains in his individual settlement procedures, and as should be

reasonably understood by any attorney litigating in this court, the magistrate judge in a

settlement conference functions not as "the Court," but "as a mediator," and "settlement

conferences are not adjudicatory in nature." (Id. ¶¶ 2, 4.) Lee's repeated paraphrasing and

quoting from Judge Maas in the Rule 11 motion and opposition has no evidentiary value and is

---

[1] In violation of this confidentiality, Lee's Rule 11 motion also contains what is alleged to be a quote from defense counsel agreeing that certain issues were issues of fact. (Rule 11 Mot. at 5.)

strongly indicative of an improper purpose, that is, to represent that the parties' evidence has already been analyzed by a United States judge and has already been found to require denial of the defendants' motion for summary judgment. Tellingly, Lee uses this misleading representation to begin and to conclude his summary judgment opposition. (See Opp'n at 1, 12.)

In light of the above, the Court finds Lee's Rule 11 motion to be misleading, duplicative, and filed for an improper purpose. Because Lee's Rule 11 motion meets the standard of objective unreasonableness, the Court awards the defendants' counsel attorneys' fees incurred in defending against the Rule 11 motion. Fed. R. Civ. P. 11(c)(2).

Defense counsel Song Chen submitted detailed time records that are facially reasonable. Mr. Chen claims four hours of attorney time at a rate of $200 per hour. Although counsel does not state that this is his customary rate generally accepted by his clients or that his rate is reasonable in light of his years of experience or skills, as would ordinarily be required, the Court may take judicial notice that such a rate in this district is reasonable, especially for a 2007 law graduate, as is indicated on Mr. Chen's law firm's website. Moreover, Lee does not challenge defense counsel's hours or rate, despite an opportunity to do so in his reply submission.

## CONCLUSION

For these reasons, the Court DENIES Lee's Rule 11 motion and GRANTS the defendants' request for prevailing party attorneys' fees incurred in defending Lee's Rule 11 motion in the amount of $800.00. The Clerk of Court is directed to terminate the motion at Docket No. 49.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:      New York, New York
            January 17, 2014

8